IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIRECT WIRE AND
MANUFACTURING, INC.,                    :
                            *Plaintiff,*    :
                                        :
                                        :
            vs.                         :    Civil Action No._____
                                        :
                                        :    *Electronically Filed*
KALAS MFG. INC.,                        :
                            *Defendant.*    :

## COMPLAINT

Plaintiff Direct Wire and Cable, Inc. seeks injunctive and monetary relief against Kalas Mfg. Inc's acts of federal trademark infringement, unfair competition, palming off, false designation of origin and deceptive acts and practices in violation of the Lanham Act, 15 U.S.C. §§ 1501 et seq. and states as follows:

## THE PARTIES

1. Plaintiff, Direct Wire and Manufacturing, Inc. ("Direct Wire"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal place of business at 412 Oak Street, Denver, Pennsylvania 17517.

2. Defendant, Kalas Mfg. Inc. ("Kalas"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal place of business at 167 Greenfield Road, Lancaster, Pennsylvania, 17602.

1

## JURISDICTION AND VENUE

3.   Kalas conducts business in the Commonwealth of Pennsylvania through the marketing and sale of its products and services through its offices in the Commonwealth of Pennsylvania to customers and potential customers located throughout the United States and in other countries.

4.   This Court has personal jurisdiction over Kalas because it is doing business within this judicial district.

5.   This action arises under the trademark and unfair competition laws of the United States.

6.   This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338, as this civil action arises under the Federal Trademark Act (15 U.S.C. §§ 1051-1127).

7.   This Court has supplemental jurisdiction over Direct Wire's state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Direct Wire's federal claims and arise from a common nucleus of operative facts such that the administration of Direct Wire's state law claims with its federal claims furthers the interest of judicial economy.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

9.   Direct Wire is in the business of marketing and distributing wire and cable products for use in the welding, energy, and industrial markets.

2

10.     Direct Wire markets and sells welding cable, battery cable, SOOW Power cables, GFCI cords, welding plugs and receptacles, power cables, power cable pigtails, extension cords, and contractor lighting products.

11.     Direct Wire is the owner of the FLEX-A-PRENE trademark ("FLEX-A-PRENE Mark") for use with welding cable.

12.     Direct's first use of the FLEX-A-PRENE name in connection with electrical welding cable occurred at least as early as December of 1982.

13.     Direct Wire originally filed a federal trademark application for registration of the trademark FLEX-A-PRENE for "electrical welding cable" on November 1, 1991.  Direct Wire's original federal trademark application was assigned serial number 72217707 and ultimately registered in the principal register of the United States Patent and Trademark Office ("USPTO") on August 4, 1992, though this trademark is no longer in effect.

14.     Subsequently, on February 13, 2012, after approximately 30 years of continuous use, Direct Wire again filed a federal trademark application for the registration of the trademark FLEX-A-PRENE in the USPTO for use with electrical welding cable.  Direct Wire's trademark application was assigned serial number 85541208 and ultimately registered on the Principal Register of the United States Patent and Trademark Office (USPTO) on February 5, 2013 and assigned registration number 4,285,123.  A true and accurate copy of the certificate of registration for FLEX-A-PRENE is attached hereto as Exhibit "A" and incorporated herein by reference.

3

15.     Direct Wire has continuously marketed, sold, and distributed welding cable using the name FLEX-A-PRENE throughout the United States and internationally since at least January of 1982.

16.     Direct Wire markets, sells, and distributes its FLEX-A-PRENE welding cable throughout the United States and the world to distributors, retailers, and end users via marketing campaigns, trade shows, direct marketing to potential customers, and through its website, http://www.directwireusa.com.

17.     Since registering the FLEX-A-PRENE Mark, Direct Wire provides notice that the term FLEX-A-PRENE is being used as a trademark by using the FLEX-A-PRENE Mark with the well recognized symbol "®" or "™."

18.     As a result of the long standing distribution and sales of its products, as well as use of the FLEX-A-PRENE Mark in connection with the sales and offering for sale of welding cable products, Direct Wire's welding cable products have earned commercial success, recognition, and FLEX-A-PRENE has become the most trusted welding cable in the market today.

19.     As a result of Direct Wire's continuous and substantial use, and the continuous, extensive national and international advertising, promotion and sales of welding cable using the FLEX-A-PRENE name has come to represent an invaluable symbol of the goodwill of Direct Wire's business, and the FLEX-A-PRENE Mark possesses a very high degree of distinctiveness.

20.     The FLEX-A-PRENE Mark is known and recognized by consumers throughout the United States and the world as identifying welding cable that has its source, origin or

4

sponsorship with Direct Wire and as distinguishing such welding cable from the welding cable sold by others companies.

21.     The FLEX-A-PRENE Mark and the goodwill of the business associated therewith are of inestimable value to Direct Wire.

22.     On information and belief, Kalas manufactures wire and cable products similar to those sold by Direct Wire.

23.     From Direct Wire's inception in 1977 until March 2013, Kalas manufactured wire and cable according to Direct Wire's specifications and at Direct Wire's request including the FLEX-A-PRENE product marketed, sold and distributed by Direct Wire.

24.     In 2012, Kalas began to sell a full line of wire and cable products similar in nature and scope to those sold by Direct Wire, engaging in competition with Direct Wire.

25.     In June 2012, Kalas was informed that "FLEX-A-PRENE" was a registered trademark of Direct Wire & Cable.

26.     As of March 1, 2013, Direct Wire ceased purchasing any cable or wire from Kalas.

27.     Kalas has attempted to capitalize on the fact that it manufactured products for Direct Wire by making statements designed to sow misinformation and confusion among Direct Wire's customers concerning the source, sponsorship, affiliation, or approval of the welding cable produced and sold by Kalas and the origin of the products sold by Direct Wire.

28.     In April 2013, Direct Wire became aware that despite the termination of the relationship between Direct Wire and Kalas, that a Kalas salesperson made false and misleading

statements concerning the source, sponsorship, affiliation, or approval of the welding cable produced and sold by Kalas and the origin of the products sold by Direct Wire.

29.     Kalas, after Direct Wire established its rights in the FLEX-A-PRENE Mark, Kalas adopted and is using the name FLEX-A-PRENE in commerce to identify, market, and sell welding cable that is intended for re-sale to third parties.

30.     The name Kalas is using to identify, market, and sell its welding cable is a spurious mark which is identical with, or substantially indistinguishable from, Direct Wire's registered FLEX-A-PRENE Mark on welding cable and constitutes a counterfeit mark under the Lanham Act.

31.     Based on information and belief, Kalas is manufacturing welding cable with the name FLEX-A-PRENE printed on it.

32.     Kalas' products are not Direct Wire's products, and Kalas does not have the sponsorship, consent, approval, or certification of Direct Wire to use the FLEX-A-PRENE Mark or any confusingly similar mark or trade name in the United States.

33.     The appearance, sound, connotation, and commercial impression of the counterfeit mark Kalas is using to identify welding cable is identical to the FLEX-A-PRENE Mark and as such, Kalas' use of the counterfeit mark on similar goods and in the same channels of trade as the FLEX-A-PRENE Mark creates a likelihood of confusion as to the source of the origin of the goods.

34.     Kalas has attempted to create the impression that there is a relationship between it and Direct Wire to enable it to pass off its welding cable as that of Direct Wire, and has unfairly competed with Direct Wire and will continue to do so unless enjoined by this Court.

6

35.     Kalas' actions demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Direct Wire's customers, potential customers, and to trade on Direct Wire's goodwill, to palm off Kalas' products as those of Direct Wire, and to create the false impression of connection, affiliation, association, sponsorship, or approval of or between Direct Wire and Kalas, all causing irreparable injury to Direct Wire.

36.     Since Direct Wire has no adequate remedy at law, Kalas' use of the counterfeit mark in commerce in connection with the sale, offering for sale, distribution and advertising of welding cable will cause further irreparable injury to Direct Wire if Kalas is not restrained by this Court from further violation of Direct Wire's rights.

37.     Kalas has been unjustly enriched by its infringing and unfair activities and Direct Wire is entitled to an accounting for all of Kalas' profits derived from the infringing sales.

38.     By reason of Kalas' activities, Direct Wire has suffered substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of the FLEX-A-PRENE Mark, and injury to its relationships with customers.

39.     Because of Kalas' wrongful conduct, this an exceptional case within the meaning of 15 U.S.C. §1117 and Direct Wire is entitled to recover attorneys' fees and litigation costs from Kalas.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT

40.     Paragraphs 1 through 39 are incorporated herein by reference as though set forth in their entirety.

41.     Kalas knowingly, willingly and intentionally infringed Direct Wire's trademark rights by making unauthorized use of the federally registered FLEX-A-PRENE Mark.

3891921.1

42.     The unauthorized use in commerce by Kalas of FLEX-A-PRENE Mark violates 15 U.S.C. §§ 1114 and is likely to cause confusion, mistake or to deceive the consuming public with respect to Kalas' affiliation, connection or association with, or endorsement, sponsorship, or permission by Direct Wire.

43.     As a result, the actions of Kalas complained of herein, unless enjoined by this Court, will cause Direct Wire to suffer irreparable harm; to suffer damage and injury to its business, reputation and good will; and to sustain loss of revenue and profits while unjustly enriching Kalas.

44.     The actions of Kalas complained of herein constitutes an exceptional case within the meaning of 15 U.S.C. § 1117(a) of the Lanham Act.

## COUNT II - FEDERAL UNFAIR COMPETITION

45.     Paragraphs 1 through 44 are incorporated herein by reference as though set forth in their entirety.

46.     Defendant's counterfeit mark and its statement made to customers and potential customers are likely to cause confusion, mistake and deception among consumers and constitute unfair competition pursuant to 15 U.S.C. § 1125(a).  Defendant's unfair competition has caused and will continue to cause damage to Direct Wire and is causing irreparable harm to Direct for which there is no adequate remedy at law.

47.     Defendant's wrongful use of Direct Wire's mark is such a colorable imitation of Direct Wire's trademark established in the wire and cable industry that Defendant's use thereof in the context of wire and cable is likely to cause confusion, mistake, or to deceive consumers as to the origin, sponsorship or approval by Direct Wire of the Defendant's counterfeit products.

8

48.     Direct Wire avers that Defendant's statements and use of the counterfeit mark comprises a false description or representation of Defendant's business or products.

49.     Defendant's statements and intentional and unlawful use in commerce of the FLEX-A-PRENE Mark constitutes a false designation of origin, false description, and false representation that Defendant and its services are sponsored by, authorized, or affiliated with Direct Wire.

50.     Defendant's willful actions are calculated to cause actual confusion and are likely to cause confusion or mistake as to the true origin, source, sponsorship, or affiliation of Defendant's products with Direct Wire.

51.     Defendant's acts constitute a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

52.     By reason of Defendant's bad faith and willful infringement, Direct Wire is entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees, and the cost of this litigation.

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT

53.     Paragraphs 1 through 52 are incorporated herein by reference as though set forth in their entirety.

54.     Defendant's use of the name FLEX-A-PRENE in connection with cable and wire products constitutes an infringement of Direct Wire's common law rights in the FLEX-A-PRENE Mark.

55.     Defendant's uses of the name FLEX-A-PRENE and any and all other uses of the term FLEX-A-PRENE constitute intentional and willful conduct.

9

56.     As a result of Defendant's conduct, Direct Wire has suffered actual damages and irreparable harm for which there is no adequate remedy at law.

### COUNT IV - COMMON LAW UNFAIR COMPETITION

57.     Paragraphs 1 through 56 are incorporated herein by reference as though set forth in their entirety.

58.     Kalas has sold, promoted, and offered for sale its products and services using the name FLEX-A-PRENE in violation of Direct Wire's rights in the FLEX-A-PRENE Mark.

59.     Kalas is using the name FLEX-A-PRENE to market and sell its welding cable for the purpose of trading upon Direct Wire's goodwill and reputation and to pass-off of its products as the same, related, or affiliated with the products sold by Direct Wire.

60.     Kalas' statements attempting to sow misinformation and confusion among Direct Wire's customers concerning the source, sponsorship, affiliation, or approval of the welding cable produced and sold by Kalas and the origin of the products sold by Direct Wire constitute unfair competition under the common law of the Commonwealth of Pennsylvania.

61.     Kalas' uses of the name FLEX-A-PRENE  in commerce in connection with the sale, offering for sale, distribution and advertising of welding cable and any and all other uses of the term FLEX-A-PRENE further constitute intentional and willful unfair competition under the common law of the Commonwealth of Pennsylvania.

62.     As a result of Kalas' conduct, Direct Wire has suffered actual damages and irreparable harm for which there is no adequate remedy at law.

**WHEREFORE**, Direct Wire and Cable, Inc. prays that this Court award the following relief:

3891921.1

(a)  A preliminary and permanent injunction enjoining and restraining Kalas Mfg. Inc., its officers, directors, agents, servants, employees, representatives, successors, assigns and attorneys and all those persons in active concert or participation or privity with Kalas from:

(i)        using the term FLEX-A-PRENE or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component, domain name, or otherwise, to market, advertise, or identify Kalas' goods or services;

(ii)       representing by words or conduct that Kalas or its products or services are authorized, sponsored, endorsed, or otherwise connected with Direct Wire;

(iii)      unfairly competing with Direct Wire in any manner whatsoever;

(iv)      engaging in unfair and deceptive trade practices; and

(v)       any other conduct which causes or is likely to cause confusion, mistake, deception, or misunderstanding at to the source, affiliation, connection, or association of Direct Wire's products and services or injures the goodwill or reputation of Direct Wire.

(b)       An accounting and judgment against Kalas for:

(i) all profits received from the sale in the United States of any welding cable, bearing the name FLEX-A-PRENE or offered for sale, distribution, or advertised in connection with the name FLEX-A-PRENE;

(ii) damages sustained by Direct Wire on account of Kalas' trademark infringement, unfair competition, and false designation of origin; and

(iii) treble damages, where appropriate.

(c)  Direct Wire's costs of this suit, including reasonable attorneys' fees, interest, and expenses.

11

3891921.1

(d) Pursuant to 15 U.S.C. § 1118, the destruction of all business cards, invoices, forms, labels, prints, signs, packages, wrappers, receptacles, advertisements, promotional material, and other materials in the possession of Defendant bearing the name FLEX-A-PRENE.

(e) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.


BARELY SNYDER


Date: May 23, 2013                    By:   /s/ Ronald H. Pollock, Jr.
                                      Ronald H. Pollock, Jr., Esquire
                                      PA Court I.D. No. 52586
                                      Paul W. Minnich, Esquire
                                      PA Court I.D. No. 74453
                                      Matthew Hennesy, Esquire
                                      PA Court I.D. No. 307020
                                      Attorneys for Direct Wire and Cable, Inc.
                                      126 East King Street
                                      Lancaster, PA  17602
                                      (717) 299-5201

12